is United States of America versus Stain and Ms. Overmeyer you're up. Thank you your honor. Good morning may it please the court I'm Wendy Overmeyer for Edward Stain and I reserve three minutes for rebuttal and I'll track my time. Today we ask this court to clarify that legal changes just like factual changes can and from its inception extraordinary and compelling reasons can result from changes in law just like factual changes that render particular sentences excessive and the best source of this there's a number of sources it's talked about today but which are not by any means all-inclusive. The first is Congress itself and looking at the original legislative history from the statute passed in 1984 and that purpose was quote a safety valve and to reduce quote unusually long sentences where there were changed circumstances. Can I interrupt for a second? Let's assume for a moment that the district court erred in not finding the change in the sentencing scheme to be an extraordinary and compelling circumstance. How do you get past the district court's 3553 findings? Well our cases say you have to satisfy both in order to be to get relief. They're not incredibly detailed and they might have been done better but our case case law says we give a fair amount of deference to them and this judge seems to say you know I think the sentence was appropriate. Thank you Your Honor. Yes the alternative ruling in the district court made as to 3553 can't support denial alone. First of all because it did not it did not consider the changes themselves as a 3553 a factor and on this point there is no circuit split. All of the circuits agree that whether or not they hold the compelling they are to be considered as 3553 a factors for a number of under a number of 3553 a factors which this court went through recently and Liz Lizarrara's The judge didn't expressly discuss them but the judge was surely aware of the change in law because he discusses it in the first part of the analysis and then gets to the second part and says not in the world's most detailed fashion to be sure. I don't think the 3553 a factors call for a change in the sentence in light of the seriousness of the offense etc. Why isn't that enough? That's not enough Your Honor because the seriousness of the offense yes of course is a 3553 a factor but that is essentially the only 3553 a factor. We can be assured that the district court looked at and you know Steyn did not dispute that these these sentences are these crimes I'm sorry are serious but that the sentence still dramatically exceeds what Congress deems appropriate particularly given his unique circumstances and that's what the court failed to address in its order that he's a first-time offender that he has you know serves the sentence for the robberies completely he has almost finished serving the seven years for the first 924 C and he has not committed any further violent acts in prison he has family support he was only 23 years old at the time of this offense so he served almost half of his life in prison. Can I take you back now to the first part of your argument. We've said I think it's pretty clear that you can't treat the guidelines commentary as binding because it was not revised after after the relevant legislation but we can say you can treat it as informing your decision. In this case the judge seems to have recited the correct law he says you know I know it's not binding but the fact that it's not listed persuades me that I shouldn't regard it as a compelling decision. How do how do we review that what's that what's the what's our standard of review? The standard for review is to ensure the court applied the correct standard of law which the I'm sorry I think my screen keeps freezing I apologize. We can see we can see you fine. Okay good the what the district court did is is very inconsistent that the paragraph on ER 5 which is page 4 of the judge's opinion is quite inconsistent while it doesn't well he doesn't hold the policy guide guideline as binding he doesn't misapprehend the breadth of that policy first of all and that it does include other reasons and the Sentencing Commission left that flexible on purpose because you know these you know you can't predict what every single unique case will have so he states twice that you know non-retroactive changes are not listed well of course they are not specifically listed but there is a general other reasons category and the BOP frankly wrote out that category with So one other question and I guess it's a broad one what what do you want us to do? What relief are you seeking? Should we send this back to the district court if you prevail to do the correct analysis? Yes what we're asking is for this court to clarify that relevant changes in sentencing... No I'm asking I'm asking what the bottom line is I'm asking what if we were to rule in your favor what would the big black what would the black line at the bottom of the disposition say? Yes well we would ask for a remand for a review on the complete merits given this court's clarification that the changes in law can be a extraordinary compelling So that this is a roundabout way of me getting back to the question I just asked you you're not contending that the judge is compelled to find the change in law as an extraordinary and compelling circumstance are you? No it's of course it's up to individual judges to find what's persuasive but what's particularly necessary here is it's not just the change as not the change won't be extraordinary and compelling in every case but for Staney in particular again the unique circumstances of his case the use of this as a trial tax fee that he's a first-time offender that he has proven rehabilitation that he has no prison discipline. This is this is this is why I'm asking the question I'm trying to figure out what factors go into extraordinary and compelling circumstances and which factors go into the 3553A analysis so in thinking all these factors that you just recited I guess you want the judge to consider twice yes? It is similar it is similar but what Congress has held is there's one limit to extraordinary and compelling circumstances and that's rehabilitation alone cannot be otherwise it is open-ended and the BOP although they didn't include other reasons they did include a list of factors in their policy to consider for extraordinary and compelling circumstances and they're very similar to 3553 those are at their policy 50 50 point 50 and they include things like you know the age of the defendant at time of sentencing you know similar counsel if if they're similar and the judge I mean to be one thing if this judge had just only had the first paragraph on ER 5 right but he has a second paragraph where he has this alternative holding and if they're similar like you're saying and he did reach that conclusion I don't what makes you think that he would have reached a different conclusion on the extraordinary circumstance inquiry given the conclusion that he reached when he actually considered the factors? Well it seems he misunderstood the breadth again of both inquiries and so it's it's unclear what the court considered as far as you know the unique circumstances then and I'm not sure if I I'm not sure if I agree with you that he misunderstood but even assuming that he misunderstood and and he wasn't taking these these other things into account in the first inquiry my point is he he he did the factors inquiry and he reached a different conclusion I mean do you think he would have if he would have sort of imported those things into the first inquiry it would have changed the conclusion when it didn't in his second one? I think this what this court can't be assured of is that he did consider all of the relevant factors the district court because there's inadequate explanation that only addresses one factor as it existed at frankly at the time of sentencing there's nothing about the other changed factors of which the First Step Act is just one. Do you agree counsel do you agree that don't we have case law that says that you don't have to expressly address every single factor I think right? Right you don't have to address every single factor but in Cardi this part this court did hold that when there's specific non-frivolous factors raised by the parties though the court should address why it accepts or rejects or finds them not persuasive or persuasive and what we have here is so limited I think I just like to point the court to the Jordan opinion on our reply briefs at page 11 which is also the District of Nevada that granted relief in a similar circumstance that is I think an opinion that exemplifies the kind of analysis that assures this court that the change circumstances were analyzed. Counsel we've taken you over I'll give you a minute for this to be used up all your time and we'll hear from the government. Good morning, May it please the court, Adam Flake for the United States. I think our argument is that the district court did understand the legal framework in which it was operating and it did properly exercise its discretion both in finding a lack of extraordinary and compelling circumstances and in finding that the 3553A factors don't favor release. Can we focus on the first part for a moment I'm not sure I understand what the district court was saying the court said I know the guideline commentary is not binding on me I know it can inform me but I find it significant that it doesn't list a change in law as an extraordinary circumstance and of course that's that's one of the reasons we said it's not binding because it was written before the change in the law so didn't he really effectively say I'm treating the absence of this language from the from the guideline commentary as precluding me finding an extraordinary and compelling circumstance I don't I don't believe he did your honor I think that he understood that he was acting within his discretion in determining what constituted extraordinary and compelling circumstances and he said in this case I'm not finding that the change in law did he said I think he followed a ruda which says you know obviously the the policy statement is no longer binding but it can inform the district courts discretion a case we cited in our brief from the seventh circuit called gun says the substantive aspects of the sense the commission's analysis provided working definition of extraordinary and compelling reasons a judge who strikes off on a different path risks an appellate holding a judicial discretion yeah I know I understand that but didn't my problem is as I read his decision he effectively says the absence of this language from the commentary means that this isn't a compelling and extraordinary circumstance and that although he doesn't say I'm treating the guidelines as binding isn't that effectively treat treating them as binding with respect to this factor I don't believe so your honor because he tied it to his own discretion in this case is that in this case I don't consider he didn't say I'm forever precluded from finding out in any case he said here the the the change doesn't constitute an extraordinary circumstance he said you know I'm looking to the policy statement to inform that decision but he never in the case but he didn't believe he had the discretion if he had chosen to do so what the district judge was talking about when he said that he was wary of constitutes an extraordinary circumstance that's that that sounds like a statement about the the law as opposed to the facts that are right in front of them can you talk about that just a moment oh well again your honor he he says that he's wary of it he's you know he's disinclined to do it but I don't think that he says anything that indicates that he can't I don't think that he would have used that language if he was if he felt like he could not do it he I think he understood the framework in which he was operating and he just he simply tied it again sorry to repeat myself but he he made it clear that he was exercising discretion in this case well he used to like he said he said the court in the exercise of its discretion but delay the label alone doesn't get me there because the sentence before says there's a definition of extraordinary circumstances in the guidelines and I don't find this there and I'm wary he doesn't say I'm precluded but I'm wary of expanding that so it does seem to me he treated the absence as as as a strong legal rule keeping it out and it seems to me it's one thing to say we look at these guidelines because they identify some good reasons and you can use them but I might I'm not sure it's useful to look at the guidelines and say a reason that's not identified is one that I can't consider so I just I raised that for you I just I have some concerns with the first part I guess of the analysis can I say because as I read the wary I was you know I kind of have the view that I read this whole paragraph as the judge this judge is disinclined to exercise his discretion to do this and he's basically saying the guidelines don't address it so that's good news to me because the guidelines don't make me do it right like that's so how that's how I read it if that's if that was the proper if that's the correct reading not that he feels like he's legally bound because I think that's hard to read into this but that he is sort of happy that he doesn't have to do it because the guidelines say has to is that is that is that error for the judge to say I'm disinclined to do this because he says I'm personally you know as a matter of my discretion I personally as a judge am wary of expanding and sort of adding to the things that would cause extraordinary I don't see where the guidelines make me do that and so I'm not going to do it as a quote in my discretion and so if that's what he's doing is that air no your honor I don't believe that's error I think that that is the role of the district judge in this case he's operating within the legal framework that he's given does he have to say why he's I mean so he's obviously that would be exercising his discretion but that kind of if you read between the lines would be I just personally don't want to expand what counts as an extraordinary circumstance I don't see why I have to is that a legitimate reason or is that not a legitimate reason for exercising his discretion I think that if he understands the the legal restraints under which he is operating and he chooses to reach a decision within the statute but then that is kind of the the definition of an exercise of discretion although we start from that we start from the premise here that after Arruda the commentary in the guidelines is not binding in any respect one can look at it and one can be informed by it but one is not bound by it in any way so if you start off with that with that I think unassailable proposition I'd have some difficulty if the judge had said this is not in the guidelines and in any event I don't think in this case is a compelling circumstance I'd be fine with that part my problem is and I can't tell is the answer I can't tell whether he's basically saying it's not there and I don't think it's my job to expand the guidelines and if he if he actually said that then I would be more I'm I think he did I'm concerned about the first part but I'd like you to deal with the 3553 a question for a moment and start from the assumption start from the assumption that the judge does discuss the seriousness of the crime and whether the sentence fits the crime but doesn't say much more is that enough and if so why I believe it is your honor and as the my colleagues argument the the district court is not required to go through a checklist and take off each of the 3553 a factors and it's it's certainly not required to count the number of factors that way the number of factors that favor the defendant versus that they do not favor the defendant what the district court is required to do is weigh the factors and the the district court in this case weighed the factors and it found that the extreme dangerousness of this defendants conduct organizing three armed robberies providing weapons as co-defendants engaged in violent and threatening behavior the court found that that egregious conduct simply weighed heavily in favor of in favor of maintaining the sentence of course in every case when we are on appeal we're was this the same judge who sentenced the defendant originally and was there a more thorough explanation of the judge's view of the defendants dangerousness at the time at the initial sentencing there was your honor and I actually quoted a portion of it in my brief the judge talked about watching the video and how what if anything can we do on appeal in terms of recognizing that this judge has already expressed familiarity with the defendant I believe there was a well there was a trial in the judge previously expressed what must have been adequate at least were not reversed on appeal reasons for giving that sentence even though the judge didn't refer back to that at this time and then I have another question about the guidelines that I want to ask you to unfortunately I wasn't able to find a case in this circuit that is particularly clear but I cited a Sixth Circuit case that's name currently escapes me that says the the in addressing a compassionate release motion this court can look at everything and it can consider the district court's findings of the original sentence in in in addressing whether or not the district court adequately understood I mean the point of all of this is to make sure that the district court understood the arguments that the parties are making properly weighed the 3553 a factors and came to a decision that was within the scope of his discretion and with with your permission was there any dispute in front of the district court about the 319 month guidelines sentence at this time do we are we to accept that that was an accurate statement of the what would have been the current guideline there was no the speed runner in fact the district well understood that the district court actually explained that in its order denying compassionate release the district court knew exactly what was going on it explained the longer sentence that explained the change in law and explained the sentence that he would have received I know but but but you before a judge can exercise the 3553 a factors the judge has to accurately determine what the relevant guideline range that it's working with and I just wanted it I don't think there's any dispute about that thank you other questions for the government if not we'll we'll give you a minute for rebuttal thank you your honor and I'm going to the courts belief that its discretion was somehow limited I think judge Erickson hit it right on the head with the line that it's wary of expanding what can constitute extraordinary that shows the court believe that that the definition of extraordinary was limited in a way that it is not and so because it misunderstood that standard that would have to go back and also can counsel can I ask you what I asked your opposing counsel which is if you read the wary as I as a judge and personally wary of expanding it that the guidelines don't make me expand it and I'm personally wary of doing that and so I'm not going to I'm going to exercise my discretion not to do that is that if you read it that way is that impermissible somehow yes that is impermissible especially here where the parties agreed that change was relevant to the court's consideration and in general sentencing law if a court disagrees with a particular relevant factor on a policy ground or because of the circumstances of the case it must explain that on the record and not leave this court so if the judge had said instead of what just what judgment I just suggested if the judges said I know the length of the sentence can be relevant to my determination of whether there are compelling and extraordinary circumstances but in this case I don't find it to be one in the exercise of my discretion would would that be sufficient I believe it would have to tie it to the particular circumstances of why this particular case doesn't for instance well so what if you said because the crime was so serious and there's some and people were injured and all the reasons that I said before this is given the change in the law is not a compelling circumstance you still got to get to the 3553 a factors I understand that or maybe you don't but what if he just said that and didn't he effectively say that I guess is my question given given the later statement under 3553 a factors that the crime was so serious that I'm not going to change the sentence he did say the crime was serious but not that it was so serious it's warranted double what the 924 C sentence would be today 32 instead of 14 and for comparison what he and he surely wrecked he surely recognized that as judge Erickson pointed out his order says here's what the sentence would be today here's what the sentence was then it's a big difference he then says whatever he says about the guidelines and then goes on to say but even if the guideline even if this wasn't a compelling circumstance the seriousness of the crime really cuts against this and I guess my question is could he use the seriousness of the crime in determining whether or not the change in the law was a compelling circumstance you seem to suggest before that he could and if he could then he effectively has hasn't he well he says the crime is serious but not in what way that would warrant a more serious sentence what Congress deems today for us and Andrews the case he cites involved for 924 C counts or discharged for shootings more people and that still has a sentence of 40 years just on the 924 C so that case was very different than the circumstance here and so without the court addressing what has happened today it simply can't impart its original finding from the sentencing you know 20 years ago to the change both factual circumstances and the legal changes of what Congress and the Commission have long urged to eliminate this punitive stacking well we've taken you well over but it's it's our fault not yours we appreciate your arguments and your briefing and those of the government and this case will be submitted thank you
judges: HURWITZ, VANDYKE, Ericksen